■ FELISA REAGAN, Petitioner, v BROOKLYN UNION GAS COMPANY, et al., Respondents.—Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated March 9, 1979, which affirmed an order of the State Division of Human Rights, dated July 6, 1978, dismissing petitioner's complaint upon a finding that there was no probable cause to believe that the Brooklyn Union Gas Company had engaged in an unlawful or discriminating practice. Determination confirmed and proceeding dismissed, without costs or disbursements. On the record considered as a whole, there exists sufficient evidence to support the State Division of Human Rights finding that there was no probable cause to believe that the Brooklyn Union Gas Company had engaged in the unlawful discriminatory practice complained of. Gibbons, J. P., Gulotta, Margett and O'Connor, JJ., concur.

■ R.P.M. STATIONERY CORP. et al., Respondents, v FRED COLIN et al., Individually and Doing Business as COMAR BABYLON Co. et al., Appellants.— In an action, *inter alia,* for an accounting and to declare that plaintiffs are not obligated under various leases to pay for certain structural repairs, defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County, dated January 23, 1980, as (1) denied their cross motion to dismiss the causes of action asserted in the complaint and (2) removed to the Supreme Court two summary proceedings that had been brought by the defendants in the District Court, Suffolk County. Order modified, on the law, by deleting therefrom the provisions that the cross motion is denied in its entirety, and substituting therefor a provision that the cross motion is granted to the extent that the second and fifth causes of action are dismissed and that the cross motion is otherwise denied. As so modified, order affirmed insofar as appealed from, without costs or disbursements. Plaintiffs' second cause of action seeks to enjoin defendants from instituting summary proceedings, although such proceedings already have been instituted and are to be tried jointly with this action. The cause of action is thus moot. The fifth cause of action seeking class action status palpably lacks merit. We are sustaining the first cause of action on the theory that it can be read to state a cause of action for quasi contract or restitution, since an accounting does not seem to lie here. Hopkins, J. P., Lazer, Gibbons and Weinstein, JJ., concur.

■ SIROON P. SHAHINIAN, Petitioner, v BOARD OF HIGHER EDUCATION OF THE CITY OF NEW YORK et al., Respondents.—Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated December 5, 1978, which affirmed a determination of the State Division of Human Rights, dated March 8, 1978, dismissing petitioner's complaint for lack of probable cause. Order confirmed and proceeding dismissed, without costs or disbursements. There is substantial evidence to sustain the division's determination dismissing petitioner's complaint. While the challenged retrenchment program may have resulted in a disproportionate reduction in the number of personnel who were female or Armenian, the record does not indicate there was any unlawful discriminatory intent under section 296 (subd 1, par [a]) of the Executive Law. Titone, J. P., Mangano, Rabin and Martuscello, JJ., concur.